IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| RAYMOND BURTON, | ) | Case No. 18-10413 |
| | ) | |
| Debtor. | ) | Hon. Donald R. Cassling |

## NOTICE OF MOTION

TO:   Attached Service List

**PLEASE TAKE NOTICE THAT** on March 22, 2022, at 9:30 a.m., I shall appear before the Honorable Judge Donald R. Cassling, or any other judge sitting in his stead and request a hearing on the Chapter 7 Trustee's Motion to Approve Compromise and Settlement with Ingalls Memorial Hospital, a copy of which is attached hereto and thereby served upon you.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: http://www.zoomgov.com/. Then enter the meeting ID.
**To appear by telephone**, call (669) 254-5252 or (646) 828-7666. Appearing by telephone will require extra clearance before being allowed into the hearing.
**Meeting ID and password.** The meeting ID for this hearing is 161 414 7941 and the password is 619. The meeting ID and password can also be found on the judge's page on the court's website.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, these motions will be called on the presentment date. If no Notice of Objection is timely filed, the Court may grant the motions in advance without a hearing

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and MOTION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on the 1st day of March, 2022.



                                              s/ Gregory K. Stern
                                              Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID # 6216626)
Dennis E. Quaid (Atty. ID #02267012)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard, Suite 1442
Chicago, Illinois 60604
(312) 427-1558

# SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 South Dearborn Street, Room 873
Chicago, Illinois 60604

N. Neville Reid
Fox, Swibel, Levin & Carroll, LLP
200 West Madison Street
Suite 3000
Chicago, Illinois 60606

Mehul D Desai
Joseph F Lentner
Swanson & Desai, LLC
2314 W North Ave Unit C-1W
Chicago, IL 60647

**Parties Served Via U.S. First Class Mail**

Raymond Burton
13830 Clifton Pk
Robbins, Illinois 60472

Ingalls Memorial Hospital
c/o Scott E. Irwin
Barker, Castro, Kuban & Steinback LLC
303 W. Madison St., Suite 700
Chicago, Illinois 60606

IlliniCare Health Plan/Medicaid
c/o Equian
P.O. Box 32100
Louisville, KY 30233

See attached List of Creditors

```
Label Matrix for local noticing          U.S. Bankruptcy Court                   At&t
0752-1                                   Eastern Division                        PO Box 6416
Case 18-10413                            219 S Dearborn                          Carol Stream IL 60197-6416
Northern District of Illinois            7th Floor
Eastern Division                         Chicago, IL 60604-1702
Fri Jul  9 07:14:54 CDT 2021

Comcast                                  Comed                                   Enhanced Recovery Company
PO Box 3002                              PO Box 6111                             PO Box 57547
Southeastern PA 19398-3002               Carol Stream IL 60197-6111              Jacksonville FL 32241-7547


Hammond City Hall                        MCSI                                    Nicor Gas
5925 Calumet Ave                         POB 327                                 PO Box 5407
Hammond IN 46320-2554                    Palos Height IL 60463-0327              Carol Stream IL 60197-5407


Peoples Gas                              Secretary of State                      N. Neville Reid
200 E Randolph                           2701 S Dirksen Parkway                  Fox, Swibel, Levin & Carroll, LLP
Chicago IL 60601-6302                    Springfield IL 62723-0002               200 W. Madison Street
                                                                                 Suite 3000
                                                                                 Chicago, IL 60606-3417


Patrick S Layng                          Raymond Burton                          End of Label Matrix
Office of the U.S. Trustee, Region 11    13830 Clifton Pk                        Mailable recipients    13
219 S Dearborn St                        Robbins, IL 60472-2014                  Bypassed recipients     0
Room 873                                                                         Total                  13
Chicago, IL 60604-2027
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| RAYMOND BURTON, | ) | Case No. 18-10413 |
| | ) | |
| Debtor. | ) | Hon. Donald R. Cassling |

### MOTION TO APPROVE COMPROMISE AND SETTLEMENT
### WITH INGALLS MEMORIAL HOSPITAL

Now comes N. Neville Reid, Chapter 7 Trustee (the "Trustee"), by and through his attorneys, Gregory K. Stern, Monica C. O'Brien and Rachel S. Sandler, and in support of the Chapter 7 Trustee's Motion to Approve Compromise and Settlement with Ingalls Memorial Hospital (the "Motion"), states as follows:

1. On April 10, 2018, Raymond Burton (the "Debtor") caused a Voluntary Petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Case") to be filed; and N. Neville Reid (the "Trustee") was appointed as trustee in this case.

2. On or about July 24, 2018, the Bankruptcy Case was closed.

3. On or about July 9, 2021, the Debtor filed an Amended Schedule B & C to reflect a pre-petition personal injury claim against Ingalls Memorial Hospital that was omitted from his schedules. Specifically, on or about March 16, 2020, the Debtor caused to be filed a lawsuit more commonly known as *Raymond Burton v. Ingalls Memorial Hospital, et al.*, Case No. 202 L 3149 pending in the Circuit Court of Cook County (the "Personal Injury Lawsuit"). The Personal Injury Lawsuit relates to an injury suffered by the Debtor at Ingalls Memorial Hospital as part of outpatient physical therapy after a right knee replacement surgery.

4. On August 10, 2021, this Court entered an Order reopening the instant Chapter 7 bankruptcy case.

5. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §1334; venue of this Title 11 case is proper in this District pursuant to 28 U.S.C. §1408; and, this matter constitutes a core proceeding under 28 U.S.C. §157(b)(2)(A) and (O).

6. On October 19, 2021, this Court entered an Order Authorizing Employment of Special Counsel, wherein John T. Cichon and Polansky & Cichon, Chtd. ("Special Counsel") were authorized to represent the Trustee in the Personal Injury Lawsuit.

7. The Trustee has reached an agreement with Ingalls Memorial Hospital to resolve and settle all matters related to the Personal Injury Lawsuit for payment of $25,000.00 (the "Settlement Payment").

## TERMS AND CONDITIONS OF COMPROMISE AND SETTLEMENT

8. The Trustee has reached an agreement, through the efforts of Special Counsel, with Ingalls Memorial Hospital to compromise and settle all claims related to the Personal Injury Lawsuit which provides, *inter alia*, as follows:

   i) Ingalls Memorial Hospital shall pay the Trustee $25,000.00.
   ii) In exchange for the Settlement Payment, the Trustee shall pay all liens claims against the Personal Injury Lawsuit.
   iii) In exchange for the Settlement Payment, the Personal Injury Lawsuit shall be dismissed with prejudice.

A copy of the Release and Settlement Agreement is attached hereto as Exhibit A and made a part hereof.

9. There exists one lien against the Personal Injury Lawsuit in favor of Equian/Medicaid in the amount of $2,270.17.

## BASIS FOR RELIEF AND APPLICABLE AUTHORITY

10. Compromise and settlement have long been an inherent component of the bankruptcy process. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1958) (citing *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)). Rule 9019 provides:

   (a) COMPROMISE. On motion by the trustee and after notice and a hearing, the

court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the Court may direct.

11. Bankruptcy Rule 9019 provides that the Court "may approve a compromise or settlement." Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. *See, Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000); *Fishell v. Soltow (In re Fishell)*, No. 94-1109, 1995 WL 66622, at *2 (6th Cir. February 16, 1995); *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy case, '[c]ompromises are favored in bankruptcy.'") (quoting 9 Colliers on Bankruptcy ¶ 9019.03[1] (15th Ed. 1993)). Various courts have endorsed the use of Bankruptcy Rule 9019. *See, e.g., In re Patel*, 43 B.R. 500, 504 (N.D. Ill. 1982); *In re Miller*, 148 B.R. 510, 516 (Bankr. N.D. Ill. 1992); *In re Check Reporting Service, Inc.*, 137 B.R. 653 (Bankr. W.D. Mich. 1992); and *Bartel v. Bar Harbor Airways. Inc.*, 196 B.R. 268 (S.D.N.Y. 1996); *In re Foundation for New Era Philanthropy*, Case No. 95-13729B, 1996 Bankr. LEXIS 1892 (Bankr. E.D. Pa. Aug. 21, 1996).

12. The standards by which a Court should evaluate a settlement are well established. In addition to considering the proposed terms of the settlement, the Court should consider the following factors:

(a) the probability of success in litigation;
(b) the difficulty in collecting any judgment that may be obtained;
(c) the complexity of the litigation involved, and the expense inconvenience and delay necessarily attendant to it; and,
(d) the interest of creditors and stockholders and a proper deference to their reasonable views of the settlement.

See *In re Patel*, 43 B.R. at 504-05; *Protective Comm. for Indep. Stock holders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968); *Fishell*, 1995 WL 66622, at *3; *In re Pennsylvania Truck Lines. Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993); *In re Grant Broadcasting Inc.*, 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987); *In re Neshaminy Office Bldg. Assoc's.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

13. The decision to approve a settlement or compromise is within the discretion of the Court and is warranted where the settlement is found to be reasonable and fair in light of the particular circumstances of the case. *See, TMT Trailer Ferry*, 390 U.S. at 424-25. The settlement need not be the best that the debtor could have achieved, but need only fall "within the reasonable range of litigation possibilities." *In re Telesphere Communications, Inc.*, 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994). In making its determination, a court should not substitute its own judgment for that of the debtor. *Neshaminy Office*, 62 B.R. at 803.

14. The paramount question in approving a bankruptcy settlement is whether the compromise is in the best interests of the estate. *E.g., In re Andreuccetti*, 975 F.2d 413, 421 (7th Cir. 1992). The "linchpin" of this examination is "a comparison of the value of the settlement with the probable costs and benefits of litigating. *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007). Factors that the Court should consider include "the litigation's probability of success, complexity, expense, inconvenience, and delay, including the possibility that disapproving the settlement will cause wasting of assets." *Id.* (internal quotations omitted).

15. The Trustee believes that the proposed compromise and settlement is reasonable and equitable in light of all of the relevant factors. In reaching the terms of the settlement, the Trustee compared the value of the agreement with the costs, effort, risks and likelihood of success associated with litigating the Personal Injury Lawsuit. The Trustee believes that the proposed settlement in the best interest of the Bankruptcy Estate. The Trustee asks the Court to exercise its authority and discretion and, based on the standards for the approval of compromises under Rule 9019, approve the settlement between the Trustee and Ingalls Memorial Hospital.

16. On March 1, 2022, the Trustee caused the instant Motion to be served, pursuant to Bankruptcy Rule 2002(a)( 3) *via* Electronic Notice and/or U.S. Mail on the following parties: (i) the Office of the United States Trustee, (ii) the Debtor, (iii) all of the Debtor's creditors, (iv) the lien claimant, (v) attorneys for Ingalls Memorial Hospital; (vi) all parties requesting notice in the Bankruptcy Case, and (vii) all parties

entitled to receive notice pursuant to the Court's ECF system.

**WHEREFORE**, N. Neville Reid, Chapter 7 Trustee, prays for an order approving the Release and Settlement Agreement; authorizing the Trustee to pay the lien claim of Equian; and, for such other relief as may be just.

By: /s/ Gregory K. Stern
Gregory K. Stern, Attorney

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Dennis E. Quaid (Atty. ID #02267012)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard, Suite 1442
Chicago, Illinois 60604
(312) 427-1558